Mr. A.L. Lockhart, Director Arkansas Department of Correction P.O. Box 8707 Pine Bluff, AR 71611
Dear Mr. Lockhart:
This is in response to your request for an opinion on two questions regarding Act 230 of 1983, which provides for the early release from prison of certain nonviolent offenders. See A.C.A. § 16-93-801 et seq. (1987). Your first question relates to §16-93-801 (1987), which provides:
 As used in this subchapter, unless the context otherwise requires, § nonviolent criminal offense' means any criminal offense which does not involve personal harm or the threat of personal harm to another, does not involve a conviction for a violation of the Controlled Substances Act, § 5-64-401 et seq., which constituted a Class A, a Class B, or a Class Y felony, and does not involve the use of a firearm or other deadly weapon.
As you note in your opinion request, this provision excludes persons convicted of Class A, B, or Y felonies under the Controlled Substances Act, A.C.A. § 5-64-401 (1987), from eligibility for early release under Act 230. You ask whether an individual convicted of a drug offense, whose commitment order indicates he was sentenced for a Class U offense, would be eligible for early release under the Act. We assume that by using the term "Class U offense," you are referring to unclassified offenses. The majority of offenses under the Controlled Substances Act are unclassified for purposes of disposition,i.e., sentencing. See A.C.A. § 5-64-401 (1987). For purposes other than disposition, however, which would include determining parole eligibility, these offenses are generally classified.See, e.g., A.C.A. § 5-64-401(a) (1987). Accordingly, despite what the commitment order might reflect, there should be no truly unclassified convictions under the Controlled Substances Act, and to determine whether persons convicted thereunder are eligible for early release under Act 230, the classification of their offense must be ascertained.
Your second question concerns A.C.A. § 16-93-803(a) (Supp. 1989),[1] which provides, in pertinent part:
 Any inmate of the Department of Correction who is serving under a commitment to the department for the commission of a nonviolent offense and who has no previous convictions for other than nonviolent offenses and who is not otherwise eligible for parole may have his or her application considered by the State Board of Parole and Community Rehabilitation for release on parole to participate in a work program as provided for in this subchapter. . . .
As noted in your opinion request, in order to be eligible for early release under this provision, a prisoner must not have had a previous conviction for a violent offense. You ask whether misdemeanor convictions for violent offenses such as assault or battery would preclude a prisoner from being eligible for early release under § 16-93-803(a). Because § 16-93-803(a) refers to "previous convictions," rather than specifying "previous felony convictions," it is my opinion that previous misdemeanor convictions for violent offenses would preclude a prisoner from being eligible for early release under its provisions.
You indicate that it is difficult to obtain information on misdemeanor convictions. Reference should perhaps be made in this regard to the Arkansas Crime Information Center, which is required by law to store information regarding many misdemeanor offenses, including all misdemeanor crimes wherein violence is an element of the offense. See A.C.A. § 12-12-207(c) (1987). It is the duty of all sheriffs, chiefs of police, city marshals, correction officials, prosecuting attorneys, court clerks, and other officials and agencies so directed to furnish the required data to the Center, and the information system is designed to serve the informational needs of, among others, correction agencies. See A.C.A. § 12-12-209(a) (1987); A.C.A. §12-12-207(b) (1987). As criminal justice agencies, the Department of Correction and the State Board of Parole and Community Rehabilitation should have access to the criminal records of the Arkansas Crime Information Center. See A.C.A. § 12-12-211(a) (1987). We can only additionally point out that § 16-93-803(d) (Supp. 1989) provides for such investigation of the inmate and his or her application for early release as the State Board of Parole and Community Rehabilitation deems appropriate. If such investigation reveals a previous conviction for a violent misdemeanor offense, the prisoner's application should be denied.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
Winston Bryant Attorney General
[1] It must be noted that § 16-93-803(a) was amended by Act 583 of 1991; however, the amendment is not relevant to the questions posed in this Opinion.